# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ROBERT EUGENE HARDESTY,

Defendant-Appellant.

UNPUBLISHED
June 11, 2015

No. 320627
Wayne Circuit Court
LC No. 13-001904-FC

Before: STEPHENS, P.J., and BORRELLO and GADOLA, JJ.

PER CURIAM.

This appeal arises out of defendant's sexual and physical abuse of three children, LF, DW, and KW, while he was living with them and their legal guardian, SS, from 2007 through 2012. Following a bench trial, defendant was convicted of two counts of distributing obscene material, MCL 722.675, three counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1) (multiple variables), two counts of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a), selling or furnishing alcohol to a minor, MCL 436.1701(1), and third-degree child abuse, MCL 750.136b(4). The trial court sentenced defendant to imprisonment of one to two years for each distributing obscene material conviction, 18 to 40 years for the first two CSC-I convictions, 25 to 40 years for the remaining CSC-I conviction, 18 to 40 years for one CSC-II conviction, 1 to 15 years for the other CSC-II conviction, one to two years for the furnishing alcohol to a minor conviction, and three to five years for the third-degree child abuse conviction. Defendant appeals as of right. We affirm.

## I. PRIOR BAD ACTS EVIDENCE

Defendant first argues that the trial court abused its discretion by allowing the prosecution to introduce evidence of defendant's prior acts of domestic violence. We review preserved evidentiary claims for an abuse of discretion. *People v Unger*, 278 Mich App 210, 216; 749 NW2d 272 (2008). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *Id.* at 217.

Generally, all evidence is admissible if it is relevant and has a probative value that is not substantially outweighed by the danger of unfair prejudice. *People v Railer*, 288 Mich App 213, 219; 792 NW2d 776 (2010); MRE 402; MRE 403. "Evidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight" by the trier of fact. *People v Crawford*, 458 Mich 376, 398; 582 NW2d 785 (1998). Under

-1-

MRE 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."

Notwithstanding MRE 404(b), in cases involving domestic violence, evidence of prior acts of domestic violence is admissible to show a defendant's character or propensity to commit the same acts. MCL 768.27b; *People v Cameron*, 291 Mich App 599, 608-609; 806 NW2d 371 (2011). MCL 768.27b provides in part the following:

> (1) Except as provided in subsection (4), in a criminal action in which the defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of other acts of domestic violence is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403.[1]

> (2) If the prosecuting attorney intends to offer evidence under this section, the prosecuting attorney shall disclose the evidence . . . to the defendant not less than 15 days before the scheduled date of trial or at a later time as allowed by the court for good cause shown.

> *  *  *

> (4) Evidence of an act occurring more than 10 years before the charged offense is inadmissible under this section, unless the court determines that admitting this evidence is in the interest of justice.

Under MCL 768.27b(5)(a), "domestic violence" or "offense involving domestic violence" is defined as either (1) "[c]ausing or attempting to cause physical or mental harm to a family or household member," (2) "[p]lacing a family or household member in fear of physical or mental harm," (3) "[c]ausing or attempting to cause a family or household member to engage in involuntary sexual activity by force, threat of force, or duress," or (4) "[e]ngaging in activity toward a family or household member that would cause a reasonable person to feel terrorized, frightened, intimidated, threatened, harassed, or molested." A family or household member includes any person with whom the defendant "resides or has resided." MCL 768.27b(5)(b)(*ii*).

In his brief on appeal, defendant does not identify the specific acts evidence that he believes was wrongly admitted at trial. However, on March 7, 2013, not less than 15 days before the scheduled day of trial, the prosecutor filed a notice of intent to use defendant's prior acts of domestic violence as evidence. The prior acts cited by the prosecutor included instances when defendant beat LF, DW, and KW with his hand or a belt, and when defendant used a homemade device, referred to as a "zapper," to electrically shock the children. For purposes of

---

[1] MRE 403 states the following: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

MCL 768.27b, LF, DW, and KW were household members because they resided with defendant from 2007 through 2012. Further, this case involves domestic violence because defendant was charged with third-degree child abuse and first and second-degree criminal sexual conduct for offenses in which defendant caused or attempted to cause physical injury or mental harm to LF, DW, and KW, and engaged in activity toward LF, DW, and KW that would cause a reasonable person to feel terrorized, frightened, intimidated, threatened, harassed, or molested.

The evidence offered by the prosecutor constituted other acts of domestic violence under MCL 768.27b(5) because the evidence showed that defendant caused or attempted to cause physical or mental harm to household members. The prior acts occurred between 2007 and 2012, which was not more than 10 years before the charged offenses. MCL 768.27b(4). The evidence was highly probative to show why the children were afraid of defendant and did not report the acts of physical and sexual abuse at an earlier time. Additionally, the evidence properly gave the trier of fact a full and complete picture of defendant's behavioral history in order to view the facts of the case in context. *Cameron*, 291 Mich App at 609-610.

Defendant argues that the evidence was improperly admitted because the trial court stated in closing that, considering the evidence presented, it would have found defendant guilty of additional counts of physical abuse for LF and DW if they were included in the information. Defendant provides no argument or authority indicating why the trial court's statement showed it gave undue or preemptive weight to marginally probative evidence. See *Crawford*, 458 Mich at 398. Under the circumstances of this case, we conclude that the probative value of this evidence was not substantially outweighed by the danger of unfair prejudice. Because the requirements of MCL 768.27b were satisfied, the trial court did not abuse its discretion in allowing the prosecutor to elicit evidence of defendant's other acts of domestic violence.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant next argues that the prosecutor presented insufficient evidence to support his multiple convictions for CSC-I and CSC-II. We review a defendant's challenge to the sufficiency of the evidence de novo. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). In reviewing a sufficiency claim, we view the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt. *People v Harris*, 495 Mich 120, 126; 845 NW2d 477 (2014). "We 'will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses.' " *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012), quoting *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

As a preliminary matter, defendant contends that all of his criminal sexual conduct convictions should be reversed for lack of sufficient evidence because the prosecutor did not corroborate the victims' testimony with other physical or circumstantial evidence. Under Michigan law, a victim's testimony need not be corroborated in prosecutions of first or second-degree criminal sexual conduct. MCL 750.520h. Defendant also contends that there was insufficient evidence to convict him of criminal sexual conduct because LF and DW were not credible witnesses and provided "incredulous" and contradictory testimony. We will not interfere with the factfinder's role in assessing the credibility of witnesses. *Eisen*, 296 Mich App at 331. Defendant's arguments in this regard lack merit.

-3-

## A. CSC-I CONVICTIONS

A person is guilty of first-degree criminal sexual conduct if he or she engages in sexual penetration with another person and that person "is at least 13 but less than 16 years of age" and the actor "is a member of the same household as the victim." MCL 750.520b(1)(b)(*i*). A person is also guilty of first-degree criminal sexual conduct if he or she engaged in sexual penetration with another person and "the other person is under 13 years of age." MCL 750.520b(1)(a). MCL 750.520a(1) defines "sexual penetration" as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body."

The trial court found defendant guilty of three counts of CSC-I. Count 7 alleged that defendant committed CSC-I by sexually penetrating LF, a member of his household, while she was at least 13 years old, but less than 16 years old. At trial, LF testified that she lived in the same house as defendant and that he put his penis in her vagina 20 to 30 times when she was 12 and 13 years old. LF testified that defendant would make her take off her clothes and lay on a bed while defendant undressed, put a condom on his penis, and then put his penis in her vagina. A rational trier of fact could find beyond a reasonable doubt on the basis on LF's testimony that defendant committed CSC-I, contrary to MCL 750.520b(1)(b)(*i*). Defendant's conviction on Count 7 was supported by sufficient evidence.

Count 9 alleged that defendant committed CSC-I for sexually penetrating LF, a member of his household, by having her perform fellatio on him when she was between 13 and 16 years of age. Count 12 alleged that defendant committed CSC-I for sexually penetrating DW by having her perform fellatio on him when she was under 13 years of age. Sufficient evidence supported defendant's convictions for both counts. At trial, LF and DW testified that defendant made them perform fellatio on him. LF testified that she performed fellatio on defendant while DW put her mouth on his testicles. After some time, defendant told LF and DW to "switch roles." LF testified that DW began performing fellatio on defendant, and she saw defendant's penis go into DW's mouth. LF testified that they performed fellatio at the same on defendant on four or five occasions. LF testified that this occurred when she was 12 and 13 years old. Testimony at trial also revealed that DW was no more than 12 years old while defendant lived in the house. Considering this evidence, a rational trier of fact could find defendant guilty of Counts 9 and 12 beyond a reasonable doubt.

## B. CSC-II CONVICTIONS

A person is guilty of second-degree criminal sexual conduct if the person "engages in sexual contact with another person" and the "other person is under 13 years of age." MCL 750.520c(1)(a). "Sexual contact" is "the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification." MCL 750.520a(q).

The trial court found defendant guilty of two counts of CSC-II. Counts 13 and 14 both alleged that defendant committed CSC-II by engaging in sexual contact with DW when she was less than 13 years old by touching her breasts and buttocks for a sexual purpose. At trial, DW

testified that when she was 11 years old, she was teaching defendant a computer game when he reached his hand up her shirt and grabbed her breasts. DW said that she told defendant to stop, but he covered her mouth and told her to be quiet. DW testified that after defendant touched her breasts, he told her that if she disclosed the incident, he would "stick a hot flat iron up [LF's] vagina." Considering this evidence, a rational trier of fact could find that defendant intentionally touched DW's breasts, an intimate part, for the purpose of sexual arousal or gratification when she was less than 13 years old.

DW also testified that when she was 12 years old, defendant was installing a stereo in her room when he grabbed her breasts. According to DW, LF was also in the room and defendant told LF to grab his penis. Considering this evidence, a rational trier of fact could conclude beyond a reasonable doubt that defendant was guilty of a second count of CSC-II for intentionally touching DW's breasts for the purpose of sexual arousal or gratification when DW was less than 13 years old. Sufficient evidence supported both counts of CSC-II.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant asserts that he was denied the effective assistance of counsel in multiple instances during trial. Below, defendant did not move for a *Ginther*[2] hearing or a new trial on the basis of ineffective assistance, so our review is limited to mistakes apparent on the record. *People v Rodgers*, 248 Mich App 702, 713-714; 645 NW2d 294 (2001). Whether a defendant was deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). We review a trial court's findings of fact for clear error, and review questions of constitutional law de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002).

The United States and Michigan Constitutions both guarantee a defendant the right to the effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. To establish ineffective assistance, the defendant must show that "(1) defense counsel's performance was so deficient that it fell below an objective standard of reasonableness and (2) there is a reasonable probability that defense counsel's deficient performance prejudiced the defendant." *People v Heft*, 299 Mich App 69, 80-81; 829 NW2d 266 (2012). A defendant is prejudiced if, "but for defense counsel's errors, the result of the proceeding would have been different." *Id.* at 81. "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Solmonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004). A defendant must also overcome a strong presumption that his counsel's conduct was sound trial strategy. *People v Douglas*, 496 Mich 557, 585; 852 NW2d 587 (2014).

Defendant's own self-serving affidavit, which he attached to his brief on appeal, is the only evidence offered to support his claim of ineffective assistance of counsel. As indicated above, when reviewing unpreserved claims of ineffective assistance, our review is limited to mistakes apparent on the record. *Rodgers*, 248 Mich App at 713-714. Because defendant's

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

affidavit is not part of the lower court record, we will not consider it on appeal. See *People v Watkins*, 247 Mich App 14, 31; 634 NW2d 370 (2001).

Defendant first contends that his trial counsel was ineffective for failing to provide him with discovery materials and transcripts from the preliminary examination. This error is not apparent on the record. The record does not indicate what efforts defense counsel made to share discovery materials and transcripts with defendant. Because there is no record evidence regarding whether defense counsel provided defendant with the discovery materials and preliminary examination transcripts, defendant has not proven the factual predicate of his claim. See *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). Moreover, defendant cannot show prejudice because he failed to explain how the result of the proceedings would have been different if his counsel provided him the allegedly requested discovery materials and transcripts.

Defendant next contends that trial counsel was ineffective for failing to introduce the testimony of Justine Thompson, Brenda Thompson, and Courtney Sora. "Decisions regarding whether to call or question witnesses are presumed to be matters of trial strategy." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). Trial counsel's failure to a call a witness is only considered ineffective assistance if it deprived the defendant of a substantial defense. *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004). A substantial defense is one that may have changed the outcome of the case. *People v Putman*, ___ Mich App ___, ___; ___ NW2d ___ (2015); slip op at 4. Defendant also argues that the decision not to call Justine Thompson, Brenda Thompson, and Sora was a result of his attorney's failure to investigate the case. Although insufficient investigation can constitute ineffective assistance, an attorney's failure to investigate a witness does not demonstrate inadequate preparation unless a defendant can show that the failure resulted in the omission of valuable evidence that would have substantially benefited the defense. *People v Caballero*, 184 Mich App 636, 642; 459 NW2d 80 (1990).

Nothing in the record reveals what Justine Thompson, Brenda Thompson, and Sora intended to testify about. Because there is no evidence in the record regarding the substance of the testimony, defendant cannot prove that his counsel's decision not to introduce the testimony would have changed the outcome of the trial. Moreover, defendant cannot show that the witnesses' testimony would have substantially benefited him. Accordingly, defendant cannot overcome the presumption that his counsel's assistance was proper in this regard.

Defendant claims his attorney was ineffective for not obtaining the cell phone records of all the involved parties. The record does not indicate whether defense counsel obtained cell phone records for the parties involved or that defendant even told counsel that the cell phone records could be helpful to his case. Again, defendant has failed to prove the factual predicate of his claim. See *Carbin*, 463 Mich at 600. Therefore, defendant cannot demonstrate that counsel's performance fell below an objective standard of reasonableness.

Defendant contends that counsel was ineffective for failing to obtain CPS reports involving the children dating back to 1998. The record indicates that defense counsel cross-examined LF with CPS reports from August 26, 2011, October 5, 2011, and April 25, 2012. The record also indicates that defense counsel cross-examined DW with CPS reports from August 26, 2011, and April 25, 2012. The trial court acknowledged that "there was a lot of testimony and

cross-examination of the children primarily using Child Protective Services' records but those Child Protective Services' records have not been introduced into evidence." Defendant provides no evidence that older CPS reports than those used at trial existed, and does not explain how such reports would have been helpful to his case. Accordingly, defendant cannot show that his counsel's performance fell below an objective standard of reasonableness.

Lastly, defendant asserts that his counsel was ineffective for encouraging him to waive his right to a jury trial. In his brief on appeal, defendant raised this argument in a footnote and stated that it "w[ould] be discussed in Issue III." However, defendant never addressed this argument in his brief. A defendant cannot simply assert an error and then leave it to this Court to discover and rationalize the basis of the claim. *People v Kevorkian*, 248 Mich App 373, 389; 639 NW2d 291 (2001). Defendant was not denied the effective assistance of counsel.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Stephen L. Borrello
/s/ Michael F. Gadola