# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

JOSEPH JORDAN,

       Defendant-Appellant.

UNPUBLISHED
June 16, 2016

No. 320555
Wayne Circuit Court
LC No. 13-008896-FC

Before: MARKEY, P.J., and OWENS and GLEICHER, JJ.

PER CURIAM.

Defendant approached the victim at a gas station holding an object in his hand, and snatched a necklace from the victim's neck. Another gas station customer chased defendant to a nearby car wash, where defendant displayed a gun tucked in his waist band. A jury convicted defendant of armed robbery. We reject defendant's contention that the evidence failed to establish that he possessed a dangerous weapon when he committed the crime.

The more difficult question presented is whether the trial court properly assessed 10 points under Offense Variable (OV) 4, which focuses on whether the victim sustained a "serious psychological injury requiring professional treatment." Although the evidence underlying the trial court's decision was somewhat thin, we conclude that it sufficed to justify the score. Accordingly, we affirm both defendant's conviction and his sentence.

I.

Jacqueline Holt, the complaining witness, stopped at a Citgo Gas Station at the intersection of Woodward and Euclid to replenish her car's gas tank. Holt walked into the gas station's store and prepaid for her fuel. Two other customers, Earl Hays and his wife (whose name does not appear in the record) followed Holt inside. As Holt returned to her vehicle, a man with "something in his hand" approached her, entered her "personal space," and "snatched" her necklace. Holt believed that the object was a gun. She screamed a curse at the thief, which attracted Hays's attention. As Holt's assailant ran behind the gas station, Hays followed. Holt then called the police.

The robber quickly eluded Hays, but Hays persisted with the chase. Hays finally located his quarry at a car wash located behind the gas station. The offender had apparently parked his car there while he committed his crime, leaving behind an unattended baby in a car seat. Hays

-1-

confronted the man, who raised his shirt and displayed a .38 caliber handgun. Hays walked away.

Three days later, the police arrested defendant at the same gas station, and the prosecutor charged him with armed robbery, MCL 750.529. Hays and Holt each identified defendant during separate photographic lineups. Both also identified him at defendant's trial.

Holt recounted for the jury that defendant "had some kind of weapon in his hand" when he stole her necklace. She further testified that defendant had telephoned her from jail the night before the trial, apologizing and asking for forgiveness. Rather than comforting her, the call worried Holt, as she did not know how defendant had obtained her telephone number. Holt contacted the assistant prosecuting attorney assigned to the case to report her concerns.

The jury convicted defendant as charged, and the trial court sentenced him as a third habitual offender, MCL 769.11, to 13 to 30 years' imprisonment. Defendant challenges his conviction on sufficiency grounds and contends that OV 4 was improperly scored. We reject both arguments.

II.

When considering defendant's challenge to the sufficiency of the evidence, we review "the evidence in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Robinson*, 475 Mich 1, 5; 715 NW2d 44 (2006). "Circumstantial evidence and reasonable inferences arising from that evidence can [supply] satisfactory proof of the elements of the crime." *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999) (quotation marks and citation omitted). In conducting our evidentiary review, we take care to avoid interfering with the factfinder's obligation to assess the credibility of the witnesses. *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012).

Armed robbery is established when the prosecution proves that:

> (1) the defendant, in the course of committing a larceny of any money or other property that may be the subject of a larceny, used force or violence against any person who was present or assaulted or put the person in fear, and (2) the defendant, in the course of committing the larceny, either possessed a dangerous weapon, possessed an article used or fashioned in a manner to lead any person present to reasonably believe that the article was a dangerous weapon, or represented orally or otherwise that he or she was in possession of a dangerous weapon. [*People v Chambers*, 277 Mich App 1, 7; 742 NW2d 610 (2007) (citations omitted).]

The phrase "in the course of committing a larceny" includes acts that occur in "flight or attempted flight after the commission of the larceny." *People v Williams*, 288 Mich App 67, 73; 792 NW2d 384 (2010) (quotation marks omitted), citing MCL 750.530(2).

Defendant contends that insufficient evidence supported that he possessed a dangerous weapon in the course of committing the larceny. Holt's testimony thoroughly refutes that

argument. Holt recalled that as defendant approached her, he held an object in his hand that looked to Holt like a gun. Whether the object actually was a gun is irrelevant. An armed robbery charge only requires evidence that at the time of the heist, the defendant possessed an article used in a fashion that would lead a reasonable person to believe it was a dangerous weapon. *People v Jolly*, 442 Mich 458, 465; 502 NW2d 177 (1993). While Holt's account standing alone supports the verdict, Hays's observation of a handgun in defendant's waistband bolsters our analysis. A rational factfinder could deduce that defendant was "in flight" from his crime when he flashed the weapon. Thus, sufficient evidence established that defendant possessed a dangerous weapon when he committed the larceny.

III.

We turn to defendant's argument that the trial court erroneously scored 10 points under OV 4. OV 4 directs a sentencing court to consider whether a crime victim sustained serious psychological injury resulting from the defendant's commission of the offense. MCL 777.34. If "[n]o serious psychological injury requiring professional treatment occurred to a victim," zero points are scored. MCL 777.34(1)(b). Alternatively, 10 points must be scored for "[s]erious psychological injury requiring professional treatment." MCL 777.34(1)(a).

During the trial, Holt testified that she was "upset" and "surprised" when defendant stole her necklace, and "start[ed] cussing him out." In describing the robbery, she omitted mention of feeling afraid or frightened. She confessed to being "a little worried" after receiving defendant's telephone call from the jail. She was concerned that defendant had learned her name, somehow found her cell phone number, and may have other personal information. We note that the court perceived some anxiety on Holt's part at trial, encouraging her, "[d]on't be nervous." Holt failed to appear at defendant's sentencing, and did not provide a victim's impact statement. In light of this evidence, the probation department scored zero points under OV 4.

At defendant's sentencing, the prosecutor urged the trial court to score 10 points. She stated:

> I've spoken with the victim . . . in this matter. She didn't even want to come today. She was very frightened at the trial. If you remember, she was contacted by the defendant the night before. She indicates to me that this happened in broad daylight. She feels that she cannot go anywhere anymore. She doesn't feel like she is safe when she goes shopping. She doesn't feel safe in her own home. She most certainly had a psychological impact on her. So much so, she didn't even want to appear today.

The trial court scored 10 points, reasoning:

> I find that based upon the testimony of the victim in this matter, including the fact that she indicated that she was frightened by what occurred, and that she's had serious emotional concerns since that time. That it does satisfy the elements for OV-4. I'm scoring that at ten points.

Our review of defendant's challenge to this scoring is guided by the Supreme Court's directive that we evaluate for clear error a trial court's factual determinations with respect to the

scoring of offense variables. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). All factual determinations "must be supported by a preponderance of the evidence." *Id.* We consider de novo the legal question of statutory interpretation inherent in "[w]hether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute." *Id.*

When considering the scoring of OV 4, our Legislature has instructed that only "serious psychological injury requiring professional treatment" merits a score of 10 points. MCL 777.34(1)(a). The victim's failure to actually seek treatment does not prevent scoring 10 points for this offense variable. MCL 777.34(2). That treatment remains unrequested, however, does not eliminate that OV's concurrent requirement that the victim's psychological injury qualify as "serious" enough to merit professional intervention.

The prosecutor's hearsay evidence supported that Holt harbors ongoing fears about her safety, and that those fears were exacerbated by defendant's telephone call from the jail. Whether Holt's anxiety is serious enough to warrant professional treatment is not altogether clear on this record. And the trial court neglected to address this integral element of OV 4. However, we must uphold a scoring decision supported by a preponderance of record evidence. *Hardy*, 494 Mich at 438. Because the evidence minimally supports a serious psychological injury that could necessitate professional treatment, we cannot say that the trial court abused its discretion in assessing 10 points.

Moreover, during the sentencing, defendant raised no challenge to the facts recited by the prosecutor; to the contrary, defense counsel characterized the crime as "admittedly unsettling . . . to the victim." The trial court was uniquely positioned to compare the prosecutor's recitation to Holt's appearance and demeanor at the trial. According to the prosecutor, Holt's emotional equilibrium has been continuously unsettled by the robbery, rendering her afraid to leave her home. Holt's agoraphobia is a condition that could well warrant professional care.

We affirm.


/s/ Jane E. Markey
/s/ Donald S. Owens
/s/ Elizabeth L. Gleicher