PEOPLE v EISEN

Docket No. 304577. Submitted April 12, 2012, at Grand Rapids. Decided
April 24, 2012, at 9:05 a.m. Leave to appeal denied, 493 Mich 918.

Jeffrey C. Eisen was convicted following a jury trial in the Ottawa
Circuit Court, Jon H. Hulsing, J., of three counts of first-degree
criminal sexual conduct and one count of third-degree criminal
sexual conduct. He was acquitted with regard to a fourth count of
first-degree criminal sexual conduct. Defendant appealed.

The Court of Appeals *held*:

1. Defendant failed to overcome the presumption that his trial
counsel provided effective assistance when, following his counsel's
stipulation that the seminal fluid found in the victim's home,
which the victim and her mother shared with defendant and his
daughter, contained defendant's DNA, defendant's counsel did not
object to the lack of statistical testimony regarding the likelihood
that someone from the general population would also match the
DNA profile.

2. The trial court erred by failing to tell the jury during its oral
jury instructions with regard to three of the counts of first-degree
criminal sexual conduct that an element of the crime required a
finding that the victim had been younger than 13 years old at the
time of the charged conduct. Defendant's trial counsel should have
objected to the instructions and his counsel's performance fell
below an objective standard of reasonableness. However, the
verdict form did reflect the requirement that the victim must have
been younger than 13 at the time. A verdict form is treated as part
of the package of jury instructions. The prejudicial effect of the
error was significantly reduced by the presence of the proper
elements on the verdict form. The Court of Appeals will not
reverse when, as here, the jury instructions fairly presented the
issues to be tried and sufficiently protected defendant's rights.

3. There was sufficient evidence to support defendant's con-
victions.

4. Defendant's conviction of third-degree criminal sexual con-
duct, MCL 750.520d(1)(b), required a finding that defendant
engaged in sexual penetration with the victim and that force or

coercion was used to accomplish the penetration. Force or coercion exists whenever a defendant's conduct induces a victim to reasonably believe that the victim has no practical choice to resist such penetration. A history of using force to commit sexual abuse of the victim by the defendant while the victim was a child, as in this case, or some other similarly valid reason supported by the evidence, may be sufficient for a rational trier of fact to find that the defendant forced or compelled the victim to participate in sexual intercourse with the defendant.

Affirmed.

1. TRIAL — JURY INSTRUCTIONS — VERDICT FORMS.

The verdict form is treated as a part of the jury instructions.

2. APPEAL AND ERROR — JURY INSTRUCTIONS.

The Court of Appeals reviews jury instructions in their entirety to determine whether the trial court committed error requiring reversal; reversal is not required where the instructions fairly presented the issues to be tried and sufficiently protected the defendant's rights.

3. CRIMINAL LAW — THIRD-DEGREE CRIMINAL SEXUAL CONDUCT — FORCE OR COERCION.

The determination whether a defendant charged with third-degree criminal sexual conduct used force or coercion to accomplish sexual penetration is to be made in light of all the circumstances; the evidentiary facts must not be considered in isolation, but must be considered in conjunction with one another in a light most favorable to the prosecution; force or coercion exists whenever a defendant's conduct induced a victim to reasonably believe that the victim had no practical choice but to participate in sexual intercourse with the defendant (MCL 750.520d[1][b]).

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Ronald J. Frantz*, Prosecuting Attorney, and *Gregory J. Babbitt*, Assistant Prosecuting Attorney, for the people.

*Frank Stanley* for defendant.

Before: BECKERING, P.J., and OWENS and RONAYNE KRAUSE, JJ.

RONAYNE KRAUSE, J. Defendant appeals as of right his convictions on three counts of first-degree criminal sexual conduct, MCL 750.520b(1), and one count of third-degree criminal sexual conduct, MCL 750.520d(1)(b). Defendant was acquitted of a fourth count of first-degree criminal sexual conduct. Defendant was sentenced to 210 to 540 months' imprisonment for each conviction of first-degree criminal sexual conduct and 120 to 180 months' imprisonment for the conviction of third-degree criminal sexual conduct. We affirm.

This case stems from defendant's repeatedly sexually assaulting the victim over a period of years. The victim was born on November 10, 1993. She has some form of learning disability: she testified that she has a "hard time comprehending things" and needed to take special classes in school. In 2005, when the victim was 11 years old and sometime before she started the sixth grade, the victim and her mother moved into the trailer park in which defendant and his daughter were already living. Sometime shortly after the victim moved there, she met defendant's daughter and the two became friends. The victim met defendant through his daughter. The victim's mother and defendant eventually entered into a dating relationship, and all four people moved into the same trailer together.

Defendant first argues that when the prosecution's DNA expert testified that seminal fluid found in various areas of the victim's home matched defendant, the expert should have provided statistical testimony explaining the likelihood that someone from the general population would also match the DNA profile. However, defendant's trial counsel stipulated that the seminal fluid found at the scene contained defendant's DNA. A stipulation constitutes a waiver of any alleged error, so

there is no error for us to review. See *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). Therefore, we decline to do so. Similarly, defendant's contention that his trial counsel should have objected to the lack of a statistical assessment of the DNA match is without merit. "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Solmonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004). Defendant does not explain to us why, in light of counsel's stipulation regarding the match itself, counsel would have had any sound basis for objecting to the lack of any statistics concerning that match. Nor does defendant explain why stipulating with regard to the match was an unsound strategic decision, irrespective of its efficacy.[1] "Counsel is not required to raise meritless or futile objections . . . ." *People v Moorer*, 262 Mich App 64, 76; 683 NW2d 736 (2004). Defendant has failed to overcome the presumption that his counsel was effective.

Defendant next argues that he was denied due process when an element of three of the first-degree criminal sexual conduct charges was omitted in the final jury instructions. Defendant also claims that his trial counsel was ineffective by failing to object to the defective instructions. Defendant waived the jury instruction issue itself because trial counsel expressly approved the jury instructions and stated that he had "no objection." See *People v Kowalski*, 489 Mich 488, 503-504; 803 NW2d 200 (2011). However, we review

---

[1] By the time the victim found someone she trusted sufficiently and to whom she felt safe disclosing defendant's abuse, defendant and her mother were not only living together, they were engaged. Defense counsel focused on the assertion that defendant's semen was found throughout the residence because defendant and the victim's mother had sexual relations "all over the place" in the trailer. We do not believe this to have been an unsound strategy.

this alleged error because it is necessary to resolve defendant's claim of ineffective assistance of counsel. We note that this instructional issue would also apply to the charge for which defendant was acquitted.

We first conclude that the jury instructions were indeed plainly erroneous. The relevant charges of first-degree criminal sexual conduct required that: (1) penetration occurred with another person, and (2) the other person was "under 13 years of age." MCL 750.520b(1)(a). The trial court failed to tell the jury orally that it needed to find that the victim had been younger than 13 years old at the time of the charged conduct. "[A] jury instruction that improperly omits an element of a crime amounts to a constitutional error." *Kowalski*, 489 Mich at 503. We agree that defendant's trial counsel should have objected to the jury instructions and that this conduct fell below an objective standard of reasonableness. See *People v Frazier*, 478 Mich 231, 243; 733 NW2d 713 (2007).

However, the verdict form *did* reflect the requirement that the victim must have been younger than 13 at the time. The verdict form is treated as, essentially, part of the package of jury instructions. See *People v Wade*, 283 Mich App 462, 464-468; 771 NW2d 447 (2009). Challenges to jury instructions are considered "in their entirety to determine whether the trial court committed error requiring reversal." *People v Canales*, 243 Mich App 571, 574; 624 NW2d 439 (2000). While the trial court committed error, the prejudicial effect of that error was significantly reduced by the presence of the proper elements on the verdict form. We will not reverse where the jury "instructions fairly presented the issues to be tried and sufficiently protected the defendant's rights." *People v Gonzalez*, 256 Mich App 212, 225; 663 NW2d 499 (2003). We note that, with

respect to the charges of which defendant was convicted, the evidence was overwhelming that the victim *was* younger than 13 at the time, and this element is not challenged; with respect to the charge of which defendant was acquitted, the victim's testimony was equivocal and uncertain regarding whether she was younger than 13 at the time. It appears to us that the jury's instructions, while imperfect, did in the end sufficiently protect defendant's rights. We decline to reverse on the basis of this error. See *Kowalski*, 489 Mich at 506.

Defendant next argues that there was insufficient evidence to support his convictions. We review "de novo a claim of insufficient evidence . . . ." *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002). In reviewing the sufficiency of the evidence, we "consider whether there was sufficient evidence to justify a rational trier of fact in finding that all the elements of the crime were proved beyond a reasonable doubt." *People v Phelps*, 288 Mich App 123, 131-132; 791 NW2d 732 (2010). We review the evidence "in a light most favorable to the prosecution . . . ." *People v Aldrich*, 246 Mich App 101, 124; 631 NW2d 67 (2001). We "will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

The gravamen of defendant's argument is that this Court should reweigh the credibility of witnesses. We decline to do so, because it is the role of the jury, not this Court, to determine "the weight of the evidence or the credibility of witnesses." *Id*. We also decline to consider the sufficiency of the evidence supporting defendant's first-degree criminal sexual conduct conviction for anal penetration of the victim, because defendant has provided no specific argument pertaining to that issue,

thereby abandoning it. With regard to defendant's first-degree criminal sexual conduct conviction for an incident on the counter of the bathroom at defendant's residence, defendant only challenges minor details pertaining to the victim's description of her whereabouts *before* the events actually at issue, which might possibly have had some arguable bearing on her credibility to the jury but are totally inconsequential to appellate review. We deem this argument equally meritless.

Defendant's challenge to his final first-degree criminal sexual conduct conviction is premised on the victim's initial uncertainty during her trial testimony regarding how old she was at the time of the charged acts. However, upon further questioning, she recollected that she was either in seventh or eighth grade when the charged acts occurred. Following the clarification of how old she was during these years, the victim confirmed that she was 13 or 14 when the incident occurred.[2] Given that the victim testified that she was either 13 or 14 when the oral penetration occurred, "there was sufficient evidence to justify a rational trier of fact in finding" this element of the crime was "proved beyond a reasonable doubt." *Phelps*, 288 Mich App at 131-132.

Defendant's final conviction was for third-degree criminal sexual conduct, which "requires a showing that the defendant engaged in sexual penetration with another under certain aggravating circumstances, including sexual penetration accomplished by force or coercion." *People v Crippen*, 242 Mich App 278, 282; 617

---

[2] This particular charge of first-degree criminal sexual conduct required, among other elements, that the victim be "at least 13 but less than 16 years of age . . . ." MCL 750.520b(1)(b)(*i*). Other than his general credibility challenge, defendant does not dispute the other elements of this charge.

NW2d 760 (2000). The required elements are: (1) defendant engaged in sexual penetration with the victim, and (2) "[f]orce or coercion is used to accomplish the sexual penetration." MCL 750.520d(1)(b). Again, other than general credibility challenges, defendant does not contest the evidence that a penetration occurred. Rather, defendant argues that there was no evidence of force or coercion. We disagree.

"The existence of force or coercion is to be determined in light of all the circumstances, and includes, but is not limited to, acts of physical force or violence, threats of force, threats of retaliation, inappropriate medical treatment, or concealment or surprise to overcome the victim." *Crippen*, 242 Mich App at 282-283 (emphasis omitted). MCL 750.520d(1)(b) indicates that "[f]orce or coercion includes but is not limited to any of the circumstances listed in" MCL 750.520b(1)(f)(*i*) to (*v*). These circumstances are:

(*i*) When the actor overcomes the victim through the actual application of physical force or physical violence.

(*ii*) When the actor coerces the victim to submit by threatening to use force or violence on the victim, and the victim believes that the actor has the present ability to execute these threats.

(*iii*) When the actor coerces the victim to submit by threatening to retaliate in the future against the victim, or any other person, and the victim believes that the actor has the ability to execute this threat. As used in this subdivision, "to retaliate" includes threats of physical punishment, kidnapping, or extortion.

(*iv*) When the actor engages in the medical treatment or examination of the victim in a manner or for purposes that are medically recognized as unethical or unacceptable.

(*v*) When the actor, through concealment or by the element of surprise, is able to overcome the victim. [MCL 750.520b(1)(f)(*i*) to (*v*).]

The incident involving the charge of third-degree criminal sexual conduct was predicated upon sexual conduct that occurred the same day the victim revealed the abuse. The victim asked defendant for a diet root beer and defendant required the victim to perform oral sex on him and allow him to anally penetrate her before she could have the root beer. While the victim did not specifically testify that she was explicitly threatened, she testified that she believed the sexual conduct would "happen whether I [the victim] wanted it or not." This belief must be considered in the context of what was, by that time, a long history of defendant's sexually abusing the victim and making her comply with his sexual demands. We "must consider the evidentiary facts not in isolation, but in conjunction with one another, in a light most favorable to the prosecution." *People v Nowack*, 462 Mich 392, 404; 614 NW2d 78 (2000).

With respect to earlier incidents, the victim had indicated that she had been "scared." During one incident the victim described, defendant asked the victim to get into a bathtub with him. The victim said she only agreed to do so because she was "scared" and she "knew something was going to happen whether I was in there or not." Additionally, defendant's past conduct with the victim included instances of forcible sexual conduct. Given a history of using force, and viewing the evidence in a light most favorable to the prosecution, the jury could reasonably conclude that the victim's statement that the sexual conduct would "happen whether" she "wanted it or not" meant that the victim felt that she was forced to comply. See *People v Kline*, 197 Mich App 165, 167; 494 NW2d 756 (1992). The statute unambiguously provides that the enumerated circumstances are not exhaustive, and indeed, it twice states that "[f]orce or coercion includes, *but is not limited to*" the enumerated circumstances. MCL

750.520d(1)(b), MCL 750.520b(1)(f) (emphasis added). Therefore, we conclude that "force or coercion" exists whenever a defendant's conduct induces a victim to reasonably believe that the victim has no practical choice because of a history of child sexual abuse or for some other similarly valid reason. The evidence was sufficient here for a rational finder of fact to find that defendant forced or coerced the victim to participate in sexual intercourse with him.

Finally, defendant argues that the cumulative effect of the alleged errors warrants reversal, even if the individual errors do not. "[T]he cumulative effect of several errors can constitute sufficient prejudice to warrant reversal where the prejudice of any one error would not." *People v LeBlanc*, 465 Mich 575, 591; 640 NW2d 246 (2002). Because we have found only one error, the omission of one element from the oral jury instructions regarding three of the first-degree criminal sexual conduct charges, there is no error to accumulate in support of a cumulative-error argument. See *id.* at 591 n 12.

Affirmed.

BECKERING, P.J., and OWENS, J., concurred with RONAYNE KRAUSE, J.