# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

TAQUARION JAMAR WOLFE,

       Defendant-Appellant.

UNPUBLISHED
February 16, 2016

No. 324210
Kalamazoo Circuit Court
LC No. 2014-000574-FH

Before: HOEKSTRA, P.J., and METER and M. J. KELLY, JJ.

PER CURIAM.

Defendant was convicted by a jury of unarmed robbery, MCL 750.530. He was sentenced as a fourth-offense habitual offender, MCL 769.12, to 3 to 15 years' imprisonment, with credit for 116 days served. He appeals as of right. We affirm.

Defendant argues that there was insufficient evidence to sustain his conviction. A challenge to the sufficiency of the evidence requires us to view the evidence in the light most favorable to the prosecution and determine whether a reasonable juror would be warranted in finding that the essential elements of the crime were proven beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). We review sufficiency issues de novo. *People v Harverson*, 291 Mich App 171, 177; 804 NW2d 757 (2010).

MCL 750.530(1) states:

> A person who, in the course of committing a larceny of any money or other property that may be the subject of larceny, uses force or violence against any person who is present, or who assaults or puts the person in fear, is guilty of a felony punishable by imprisonment for not more than 15 years.

"[I]n the course of committing a larceny" includes "acts that occur in an attempt to commit the larceny, or during commission of the larceny, or in flight or attempted flight after the commission of the larceny, or in an attempt to retain possession of the property." MCL 750.530(2). "Larceny is the taking and carrying away of the property of another, done with felonious intent and without the owner's consent." *People v Malach*, 202 Mich App 266, 270; 507 NW2d 834 (1993).

-1-

The prosecution's evidence in this case, when viewed in the light most favorable to the prosecution, sufficiently proved that defendant used force or violence against the victim while in the course of committing a larceny. The victim testified that she went to defendant's apartment to retrieve a sweater she had left there, and while she was there, defendant asked if she had any money. When she responded that she did not, defendant attempted to take her backpack by force. He grabbed the backpack and a "tussle" or "tug of war" ensued, eventually causing the bag's strap to break. When the bag's contents spilled over the floor, defendant took the victim's wallet and shut her out of the apartment. During the struggle, the victim was "bumped" and suffered a swollen eye. Defendant was later found carrying cash in denominations consistent with what the victim claimed was stolen, including a "silver certificate" dollar.

Despite the legal sufficiency of the evidence, defendant argues on appeal that the victim's testimony was contradicted by that of defendant, who testified that no altercation ever occurred and he in fact believed that the victim had no money. However, it is the role of the jury to weigh the evidence and evaluate the credibility of each witness, and we must draw all reasonable inferences and make credibility choices in favor of the jury verdict. *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012); *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). Both direct and circumstantial evidence can constitute sufficient proof of the elements of a crime. *Nowack*, 462 Mich at 400. The fact that there is inconsistent or conflicting testimony does not render evidence insufficient. *Harverson*, 291 Mich App at 179. "[A] jury is free to believe or disbelieve, in whole or in part, any of the evidence presented." *People v Perry*, 460 Mich 55, 63; 594 NW2d 477 (1999).

The jury evaluated evidence presented by both the prosecution and defendant. It heard the victim's testimony and it weighed this testimony against all the other evidence presented in the case. After evaluating the evidence, the jury determined that the prosecution had proved each element of unarmed robbery beyond a reasonable doubt. The jury's determination is accorded deference on appeal. *Eisen*, 296 Mich App at 331; *Nowack*, 462 Mich at 400. We find no basis for reversal.

Affirmed.

/s/ Joel P. Hoekstra
/s/ Patrick M. Meter
/s/ Michael J. Kelly