# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

ASHMAY RODRIGUEZ,

       Defendant-Appellant.

UNPUBLISHED
April 13, 2017

No. 330892
Gratiot Circuit Court
LC No. 15-007221-FH

Before: RONAYNE KRAUSE, P.J., and K. F. KELLY and GADOLA, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of one count of sexual penetration without informing his partner that he was HIV[1] positive, MCL 333.5210(1), arising out of a sexual encounter between defendant and his 16-year-old neighbor. Defendant was sentenced as a third-offense habitual offender, MCL 769.11, to 3 to 8 years in prison. We affirm.

Defendant first argues that the trial court abused its discretion by denying his motion for a mistrial based on comments the prosecutor made in his opening statement. A trial court's decision to deny a motion for a mistrial is reviewed for an abuse of discretion. *People v Dennis*, 464 Mich 567, 572; 628 NW2d 502 (2001). An abuse of discretion occurs when the trial court chooses an outcome that is outside the range of principled outcomes. *People v Schaw*, 288 Mich App 231, 236; 791 NW2d 743 (2010).

"A mistrial is warranted only when an error or irregularity in the proceedings prejudices the defendant and impairs his ability to get a fair trial." *People v Waclawski*, 286 Mich App 634, 708; 780 NW2d 321 (2009) (quotation marks and citations omitted). See also *People v Vettese*, 195 Mich App 235, 246; 489 NW2d 514 (1992) (explaining that reversal of a trial court's decision on a motion for a mistrial "is not warranted unless the defendant makes an affirmative showing of prejudice resulting from the abuse of discretion"). Furthermore, "a mistrial should be granted only where the error complained of is so egregious that the prejudicial effect can be removed in no other way." *People v Lumsden*, 168 Mich App 286, 299; 423 NW2d 645 (1988). "The trial court may consider, among other things, whether the prosecutor intentionally

---

[1] Human immunodeficiency virus.

-1-

presented the information to the jury or emphasized the information." *People v Lane*, 308 Mich App 38, 60; 862 NW2d 446 (2014).

During opening statements, the prosecutor informed the jury that the parties stipulated to the fact that defendant was HIV positive. However, the prosecutor later told the jury that after defendant told the officer assigned to investigate the case that he was "clean" and did not have HIV, the police department "began checking, and through checking records [they] were able to determine that, in fact, [defendant] was HIV positive." Defendant sought a mistrial on the ground that the prosecutor's comments referred to defendant's "prior criminal history and/or offender registry." The trial court denied the motion, holding that defendant's contention that the jury may conclude that the records were all criminal history records was "speculative at best."

The trial court's ruling does not evidence an abuse of discretion. The prosecutor referred to "records" in the abstract, and it is reasonable to conclude that the jury would have been just as likely to assume that the records consulted were medical records because the information gleaned from them was medical information. The prosecutor explained that he was setting the stage for the testimony of the investigating officer. He intended to ask the officer why he conducted a follow-up investigation after initially reporting, based on the parties' statements, that the encounter involved consensual intercourse between two persons who were both of age. The prosecutor intended to elicit testimony that the officer continued his investigation after others in the police department checked records, which led the officer to believe that defendant may have violated the law based on his HIV status. Accordingly, the prosecutor's statement provided context for the investigating officer's actions in the case.

Defendant also fails to show how the prosecutor's comment prejudiced him. The prosecutor's statement was "very fleeting and [was] not emphasized to the jury." *Lumsden*, 168 Mich App at 299. Nor did the prosecutor mention any records during the officer's testimony. See *Lane*, 308 Mich App at 60. Moreover, the trial court instructed the jurors that "[t]he lawyers' statements, arguments, and remarks are not evidence . . . [and they] should only accept things that the lawyers have argued or said that's supported by the evidence . . . ." Defendant does not rebut the presumption that the jurors followed their instructions, *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003), nor does he rebut that this instruction cured any potential prejudice stemming from the prosecutor's opening statement, *Waclawski*, 286 Mich App at 710.

Defendant also contends that his conviction is based on insufficient evidence. We review this issue de novo. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). When reviewing a sufficiency of the evidence claim in a criminal case, we consider "the evidence in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Robinson*, 475 Mich 1, 5; 715 NW2d 44 (2006).

MCL 333.5210(1) provides the following:

> A person who knows that he or she has or has been diagnosed as having acquired immunodeficiency syndrome or acquired immunodeficiency syndrome related complex, or who knows that he or she is HIV infected, and who engages

in sexual penetration with another person without having first informed the other person that he or she has acquired immunodeficiency syndrome or acquired immunodeficiency related complex or is HIV infected, is guilty of a felony.

In the instant case, the parties agree that the only element at issue during trial was whether defendant informed the victim that he was HIV positive. The victim testified that defendant did not tell him that he was HIV positive. Conversely, defendant testified that he told the victim, on two occasions, that he was taking medication for HIV, and defendant's brother and nephew both testified that they overheard defendant tell the victim that he was taking medication for HIV on one of those occasions. Accordingly, the jury was presented with a credibility contest. To find defendant guilty, the jury had to find that the victim's account of the events was more credible than defendant's account. Consistent with long-standing precedent, we defer to the jury on matters of credibility. See *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012). Therefore, defendant is not entitled to relief on his sufficiency of the evidence claim.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Kirsten Frank Kelly
/s/ Michael F. Gadola