# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RONALD DUANE ROSEBURGH,

        Defendant-Appellant.

UNPUBLISHED
May 16, 2017

No. 332041
Berrien Circuit Court
LC No. 2015-003170-FH

Before: MARKEY, P.J., and MURPHY and METER, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of possession of counterfeit currency in violation of MCL 750.254. He was sentenced as a fourth-offense habitual offender to imprisonment from 12 months to 10 years. Defendant appeals by right, and we affirm.

Defendant argues that the evidence presented at trial was insufficient to support his conviction. A challenge to the sufficiency of evidence in support of a criminal conviction is a question of law reviewed de novo. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011); *People v Hawkins*, 245 Mich App 439, 457; 628 NW2d 105 (2001). We review the evidence in a light most favorable to the prosecution to determine whether rational jurors could find that the essential elements of each crime were proven beyond a reasonable doubt. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999). Circumstantial evidence and reasonable inferences drawn from such evidence can constitute satisfactory proof of the elements of a crime. *Id*. We will not resolve witness credibility questions or interfere with the fact-finder's determination of the weight of evidence. *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012). The trier of fact, not an appellate court, determines what inferences may be fairly drawn from the evidence and the weight to be accorded them. *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002).

Defendant was convicted of possession of counterfeit money in violation of MCL 750.254, which provides in relevant part:

Any person who . . . shall have in his possession, any false, altered, forged or counterfeit bill or note . . . with intent to utter or pass the same, or to render the same current as true, knowing the same to be false, forged or counterfeit, shall be guilty of a felony, punishable by imprisonment . . . .

-1-

To sustain a conviction for violating MCL 750.254, the prosecution must prove that: (1) "defendant had in his possession a counterfeit bill or bills," (2) defendant "intended to 'utter' or 'pass' or 'render' those bills as true," and (3) defendant knew "that [the] bills are counterfeit." *People v Harrison*, 283 Mich App 374, 381; 768 NW2d 98 (2009). "To 'utter' means to put something into circulation. To utter and publish means to offer something as if it is real, whether or not anyone accepts it as real. To 'render' is to transmit or deliver." *Id*. (quotation marks and citation omitted). Jurors can infer a defendant's intent from, among other things, his words and acts, and other circumstantial evidence. *Hawkins*, 245 Mich App at 458.

Defendant's sole argument on appeal is that there was insufficient evidence to establish he intended to utter or pass the counterfeit money he possessed. We disagree. Defendant was arrested in relation to a 911 complaint and brought to the Berrien County Jail where he was processed. The arresting officer searched defendant and found six $50 bills in one of his pockets. That money was placed in an envelope with a copy of a receipt signed by defendant and placed in a safe for later placement into an inmate bank account. The jail's clerk who sets up inmate accounts noticed that defendant's money, the six $50 bills, did not feel like real money and lacked the ordinary security features one usually finds on United States currency. A detective confirmed defendant's bills were counterfeit. Later that same day, after the detective informed defendant of his *Miranda*[1] rights, defendant agreed to a recorded interview.

During the interview, defendant initially denied that he knew that the $50 bills were counterfeit or where he got them. Later, however, defendant changed his story and admitted to the detective that he knew the bills were fake and that he bought them for $100 from a man he knew. Defendant told the detective that the night before, when he knew the police would be coming to arrest him, he retrieved the counterfeit bills from under his mattress and intended to use them to pay his bond. Defendant admitted that he called his girlfriend on the phone and said that his bond was $750, but he had the $300 from under his mattress, so she did not need to bring the entire amount. Defendant also admitted in the interview that earlier that day he yelled this same thing to her in the courtroom at his arraignment on other charges.

At trial, the prosecution's witnesses testified to these facts. The recorded interview was admitted into evidence at trial and played back for the jurors during the detective's trial testimony. Defendant argues on appeal that his statements in the recorded interview could not prove he intended to pass the counterfeit money because those statements were contradictory. That argument lacks merit. Triers of fact "can infer a defendant's intent from his words, acts, means, or the manner used to commit the offense." *Harrison*, 283 Mich App at 382, citing *Hawkins*, 245 Mich App at 458. The triers of fact alone are to assess the credibility of witnesses and the weight to be accorded the evidence at trial. *Id*. All evidentiary conflicts are resolved in favor of the prosecution. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). The jurors in this case, having heard and considered defendant's contradictory statements, reasonably could conclude from the evidence adduced at trial that defendant knew the six $50 bills he possessed were counterfeit and that he intended to pass those bills as true to pay his bond.

---

[1] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

Consequently, viewed in a light most favorable to the prosecution, we conclude that the evidence at trial was sufficient to allow rational triers of fact to find that defendant (1) possessed counterfeit bills, (2) intended to pass those bills for payment of his bond, and (3) knew that the bills were counterfeit.  Thus, sufficient evidence was presented at trial to establish each of the elements of the charged offense beyond a reasonable doubt.

We affirm.


/s/ Jane E. Markey
/s/ William B. Murphy
/s/ Patrick M. Meter