# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANDRE DION CAMPBELL,

        Defendant-Appellant.

UNPUBLISHED
September 18, 2018

No. 339868
Berrien Circuit Court
LC No. 2017-015169-FH

Before: MURRAY, C.J., and CAMERON and LETICA, JJ.

PER CURIAM.

Defendant was convicted in a jury trial of uttering and publishing a counterfeit bill, MCL 750.253. He was sentenced to five days' imprisonment and probation for the conviction. Defendant appeals as of right. We affirm.

On January 30, 2017, defendant passed two counterfeit one-hundred dollar bills at car washes in the Michigan cities of Niles and Dowagiac. Both car washes are owned by William Schilling. Defendant first went to the Dowagiac location and passed a counterfeit one-hundred dollar bill, then went to the Niles location and passed the second counterfeit one-hundred dollar bill. At the Niles location, the cashier noticed the bill was thin, was concerned that it was counterfeit, and took down defendant's license plate number. Subsequently, Mr. Schilling came in the Niles car wash and called the police. Later that day, Mr. Schilling discovered another counterfeit bill at his Dowagiac car wash and he took it to the Dowagiac police station.

On February 1, 2017, the investigation was taken over by Chad Mitchell, a detective for the Niles Police Department. Detective Mitchell interviewed defendant in his home in Benton Harbor. The defendant admitted he remembered the money, and acknowledged the different color of the bill and how it was flatter than legitimate money. Defendant claimed he received the bills from an unknown buyer of his DVD stereo. Defendant at first told Detective Mitchell he knew who referred him to the unknown buyer but then changed his story when further questioned, claiming he did not know the unknown buyer, only that he had met the unknown buyer at a barbershop.

When Detective Mitchell questioned defendant's sequence of events, defendant stated he went to Dowagiac and then to Niles to meet the unknown individual to sell the DVD stereo. He then changed his story to being at a doctor's appointment in Eau Claire, Michigan, then going to Dowagiac to get his car washed, and then traveling to Niles to sell his DVD stereo.

-1-

Defendant argues that the prosecution failed to present sufficient evidence for a rational trier of fact to find beyond a reasonable doubt that defendant knew he was passing counterfeit bills. Defendant contends that this Court should reverse his conviction for uttering and publishing a counterfeit bill and remand for a new trial.

This Court reviews arguments regarding the sufficiency of the evidence de novo. The evidence must be viewed in the light most favorable to the prosecutor to determine whether a rational trier of fact could find the essential elements of the crime were proved beyond a reasonable doubt. *People v Harrison*, 283 Mich App 374, 378; 768 NW2d 98 (2009). And this Court will not interfere with the fact-finder's "role of determining the weight of the evidence or the credibility of witnesses." *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012) (quotation marks and citation omitted).

"Uttering and publishing consists of three elements: '(1) knowledge on the part of the defendant that the instrument was false; (2) an intent to defraud; and (3) presentation of the forged instrument for payment.' " *People v Hawkins*, 245 Mich App 439, 457; 628 NW2d 105 (2001) (citation omitted).

Viewing the evidence in a light most favorable to the prosecution, sufficient evidence existed for a rational jury to determine beyond a reasonable doubt that defendant uttered a counterfeit bill when he used the counterfeit bills as payment for two car washes. The defendant is challenging the element of knowledge, arguing the prosecution presented insufficient evidence to prove beyond a reasonable doubt that he knew the one-hundred dollar bills he passed were counterfeit. The evidence presented at trial was sufficient for a rational jury to conclude defendant uttered a counterfeit bill at two car wash locations in the same day. "Circumstantial evidence and reasonable inferences arising from that evidence can sufficiently prove the elements of a crime, including the defendant's state of mind, knowledge, and intent." *People v Perry*, 317 Mich App 589, 599; 895 NW2d 216 (2016).

Based on the evidence, there are several reasons why a rational jury could properly infer that defendant had knowledge that he was uttering counterfeit one-hundred dollar bills. First, during Detective Mitchell's interview with defendant, defendant remembered the counterfeit money he used being of different color and flatter than legitimate money. Second, both one-hundred dollar bills had the same serial number, which would be readily apparent on the face of the bills. Third, the circumstances surrounding defendant's use of the bills portrays a scheme to deceive the car washes for profit. Defendant admitted he went to two car washes in one day, using a one-hundred dollar bill to pay for each car wash even though he had smaller bills as change from the previous car wash. Thus, the fact that defendant noticed the bills did not feel or look like normal U.S. currency, coupled with the fact that defendant never used change he had from the previous car wash and he put his car through two car washes on the same day, is sufficient evidence to establish the intent required for the crime.

Defendant's explanation about the order of events does not add up and the jury was within its realm to reject it. For example, defendant claimed he received the counterfeit bills in Niles, but he first used a counterfeit bill at the Dowagiac car wash and then went to the Niles car wash without returning to Dowagiac. Additionally, defendant was inconsistent in his explanation about who he received the counterfeit bills from in Niles, at one time stating he

knew who referred him to the unknown buyer but then changing his story when further questioned, claiming he was not referred to the unknown buyer, only that he had met the unknown buyer at a barbershop.

Therefore, viewing the evidence in a light most favorable to the prosecution, the prosecution presented sufficient evidence to prove defendant had knowledge the bills were counterfeit.

Affirmed.

/s/ Christopher M. Murray
/s/ Thomas C. Cameron
/s/ Anica Letica