*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 14, 2021

Plaintiff-Appellee,

v

No. 350538
Wayne Circuit Court
LC No. 19-002409-01-FH

KIWANIS EUGENE GARNER,

Defendant-Appellant.

Before: K. F. KELLY, P.J., and STEPHENS and CAMERON, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of possession of a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b(1). He was sentenced to five years' imprisonment. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

After receiving a report that a man was selling marijuana from the home, a search warrant was executed on 35703 Florane in Westland, Michigan. The police knocked and announced their presence, and when no one answered the door, they forced entry into the home. Once inside, they found defendant in the basement and defendant's wife, Tamika Garner, on the main floor. The police officers who searched the home discovered two firearms, mail addressed to defendant, and documents bearing the same address and in Tamika's name. The police found the firearms in the basement rafters above the ceiling tiles. Additionally, there were seven marijuana plants found growing outdoors behind the garage, 13 plants found in the basement, and 1,314 grams of loose marijuana.

During the investigation at the home, defendant told the officers that it was "my guns, my weed," and he was arrested. At the police station, defendant gave written and video recorded statements. In the written statement, he admitted that he lived at the home and that he had a medical marijuana card. However, defendant also acknowledged that he sold the marijuana to individuals that did not have medical marijuana cards "for years." He accepted ownership of the two weapons found in the basement ceiling and admitted to purchasing the guns "on the street." Finally, defendant denied that Tamika had any involvement in the illegal growth and sale of

-1-

marijuana. However, in his video statement, defendant also asserted that he lived with his father at the time of the search warrant.

At trial, defendant testified and essentially recanted his written and oral confessions. He contended that the statements were untrue and the result of pressure and false promises from the police. He claimed to live with his father and gave a false confession to prevent Tamika from being charged for having the marijuana in violation of state law. Defendant denied selling drugs for a living, but testified that he worked as a landscaper. He agreed to become a confidential informant for the police, but was told that he had to provide a statement first. However, according to the police, he did not provide any new or helpful information.

Tamika also testified and accepted responsibility for the marijuana; she obtained a medical marijuana card and used the drug to assist with pain as a breast cancer survivor. She denied engaging in the sale of marijuana. She accepted responsibility for the guns, claiming that they were family heirlooms that she placed in the ceiling and that defendant was unaware of her guns. Tamika testified that she was separated from defendant, but he came to her home to assist with the laundry because she had a foot injury.

During deliberations, the jury asked to review evidence and sought clarification regarding the element of possession. Ultimately, defendant was acquitted of possession with intent to deliver marijuana, MCL 333.7401(2)(d)(*iii*), and felon in possession of a firearm, MCL 750.224f, but convicted of felony-firearm, second offense.

## II. ANALYSIS

Defendant alleges there was insufficient evidence to prove beyond a reasonable doubt that he possessed the firearms. We disagree.

A defendant's challenge to the sufficiency of the evidence is reviewed de novo. *People v Miller*, 326 Mich App 719, 735; 929 NW2d 821 (2019). When reviewing a claim of insufficient evidence, we review the evidence "in a light most favorable to the prosecution to determine whether a rational trier of fact could find that the prosecution proved the crime's elements beyond a reasonable doubt." *Id*. "[I]t is the role of the jury, not this Court, to determine the weight of the evidence or the credibility of witnesses." *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012) (quotation marks and citation omitted). Therefore, "a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018) (quotation marks, citation, and emphasis omitted).

"The elements of felony-firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *People v Bass*, 317 Mich App 241, 268-269; 893 NW2d 140 (2016) (quotation marks and citation omitted). Possession can be actual or constructive. *People v Minch*, 493 Mich 87, 91; 825 NW2d 560 (2012). "[A] person has constructive possession if there is proximity to the article together with indicia of control. Put another way, a defendant has constructive possession of a firearm if the location of the weapon is known and it is reasonably accessible to the defendant." *People v Johnson*, 293 Mich App 79, 83; 808 NW2d 815 (2011) (quotation marks and citation omitted; alteration in original). "Possession

-2-

can be proved by circumstantial or direct evidence and is a factual question for the trier of fact." *Id*.

The prosecution presented sufficient evidence for a rational trier of fact to find defendant guilty of felony-firearm beyond a reasonable doubt. First, there was sufficient evidence for the jury to infer that defendant knew the location of the firearms. A police officer who executed the search warrant testified that defendant told him, at the scene, that defendant lived at the home and the firearms belonged to him. Additionally, in his written and oral statements with the police, defendant admitted that he lived at the searched home and owned the firearms that police found in the rafters. His admission that he lived in the home was corroborated by two pieces of mail sent to him at that address. Second, there was sufficient evidence for the jury to find that the firearms were reasonably accessible to defendant. When the police officers executed the search warrant, defendant was in the basement of the house. The firearms were found in the basement ceiling rafters. Viewed in a light most favorable to the prosecution, a rational juror could reasonably find that defendant had constructive possession of the firearms. See *id*.

Although defendant essentially recanted his written and oral confessions at trial and presented evidence that he resided with his father, the jury nonetheless attributed the weapons to defendant. The jury was free to determine the credibility of each witness's testimony and the weight to give each piece of evidence. See *Eisen*, 296 Mich App at 331. "[T]his Court must not interfere with the jury's role as the sole judge of the facts." *People v Meshell*, 265 Mich App 616, 619; 696 NW2d 754 (2005).

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Cynthia Diane Stephens
/s/ Thomas C. Cameron

-3-