*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TODD BENNETT SQUIRES,

Defendant-Appellant.

UNPUBLISHED
December 14, 2023

No. 361755
Wayne Circuit Court
LC No. 21-000139-01-FH

Before: GLEICHER, C.J., and GARRETT and MALDONADO, JJ.

PER CURIAM.

Todd Bennett Squires appeals as of right his bench trial convictions for operating a motor vehicle while intoxicated, third-offense, MCL 257.625(1); operating a motor vehicle without a valid license, MCL 257.904(1); and failure to stop after a collision, MCL 257.620. Because the evidence adequately supported Squires's convictions and allowing them to stand would not be a miscarriage of justice, we affirm.

## I. BACKGROUND

This case arises out of a motor vehicle accident near the intersection of Tyler Road and Morton Taylor Road in Van Buren Township. Kenneth Mixon and Brenda Mixon testified that when driving in the left-turn lane on Tyler Road and preparing to turn on Haggerty Road, a dark truck collided with the front passenger side of their vehicle where Brenda sat. The truck did not stop after hitting the Mixon's vehicle but drove away.

Kenneth followed the vehicle and Brenda called police. After Brenda reported the truck's license plate number to police, Kenneth pulled into a parking lot. At that point, they temporarily lost sight of the truck. Kenneth and Brenda then observed the truck pull into the back of a car wash across the street. They did not see anyone leave or enter the car wash parking lot until police arrived a short time later. Brenda acknowledged not watching the truck closely the entire time before police arrived, and Kenneth stated that the truck, once it pulled to the back of the car wash, was out of his view. Brenda said it was too dark to tell if there were ever any individuals in the truck besides the driver.

Officer Daniel Svabik responded to the scene and observed a black Ford F150 truck in one of the car wash parking spots, with Squires standing next to the truck's passenger side. The truck's license plate number matched that reported by Kenneth and Brenda. Svabik noticed fresh damage to the front driver's side of the truck. He did not see anyone else near the vehicle, nor leaving the car wash. Svabik spoke to Squires, who appeared intoxicated. Svabik checked on the status of Squires's license, which was expired and "denied/revoked." Svabik's partner, Kurtis Mowbray, also responded to the scene, observed the damage to both vehicles, and opined at trial that they were involved in a side-swipe collision.

Squires testified that he was not operating a motor vehicle at any point on the night in question, though he admitted to being intoxicated and having an invalid license. Squires claimed that his friend, Shawn Knox, drove him in the truck that night. Squires did not remember any collision. Squires testified that Knox drove into the car wash parking lot and then, for a reason unknown to Squires, left the keys of the truck and fled on foot. After his arrest, Squires's blood alcohol content measured above the legal limit at 0.107 grams of alcohol per 100 milliliters of blood. At a bench trial, the trial court convicted Squires as described earlier, and he now appeals.

## II. ANALYSIS

Squires argues that the trial court convicted him on insufficient evidence, and that the verdict was against the great weight of the evidence.

"When reviewing an argument following a bench trial that insufficient evidence existed to prove the elements of the crimes, this Court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Muhammad*, 326 Mich App 40, 60; 931 NW2d 20 (2018) (quotation marks and citation omitted). "We will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012) (quotation marks and citation omitted).

"The test to determine whether a verdict is against the great weight of the evidence is whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v Lacalamita*, 286 Mich App 467, 469; 780 NW2d 311 (2009). "Generally, a verdict may be vacated only when the evidence does not reasonably support it and it was more likely the result of causes outside the record, such as passion, prejudice, sympathy, or some other extraneous influence." *Id*. "Conflicting testimony, even when impeached to some extent, is an insufficient ground for granting a new trial." *Id*. at 469-470.

The trial court convicted Squires of operating a vehicle while intoxicated, operating a vehicle with no valid license, and failing to stop after a collision. Operating a vehicle while intoxicated under MCL 257.625(1) "requires proof of three elements: (1) the defendant operated a motor vehicle (2) on a highway or other place open to the general public or generally accessible to motor vehicles (3) while under the influence of liquor or a controlled substance, or a combination of the two." *People v Hyde*, 285 Mich App 428, 448; 775 NW2d 833 (2009).

As for driving without a valid license, MCL 257.904(1) states:

A person whose operator's or chauffeur's license or registration certificate has been suspended or revoked, whose application for license has been denied, or who has never applied for a license, shall not operate a motor vehicle on a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of motor vehicles, within this state.

Finally, regarding the failure to stop after a collision, MCL 257.620 states:

The driver of any vehicle which collides upon either public or private property with any vehicle which is attended or unattended shall immediately stop and shall then and there either locate and notify the operator or owner of such vehicle of the name and address of the driver and owner of the vehicle striking the vehicle or, if such owner cannot be located, shall forthwith report it to the nearest or most convenient police officer.

The sole issue here is whether the evidence adequately proved that Squires was operating, i.e., driving, the vehicle in question. Each of Squires's convictions required him to be the driver of the vehicle that collided with Kenneth and Brenda. Squires argues that since he was not driving the truck involved in this collision, there was insufficient evidence to find him guilty of any offense. Specifically, Squires asserts, because no witness testified that they physically saw Squires driving a vehicle on the night in question—or that there was only one individual in the truck involved—there was insufficient evidence of his guilt.

Here, Kenneth and Brenda testified that a dark truck struck their vehicle and fled to a car wash parking lot. Once arriving at the car wash, Officer Svabik observed Squires standing outside a dark truck, with no one else around. The truck's license plate number matched that given by Brenda after the collision. Svabik also testified that the truck had fresh damage consistent with the type of collision Kenneth and Brenda described. Officer Mowbray observed both vehicles and testified that they were involved in a side-swipe collision. Svabik testified that Squires admitted at the scene to driving the truck only from the front of the car wash parking lot to the back, but otherwise denied driving the truck or being involved in an accident. When testifying, however, Squires denied driving that night at all. Squires testified that his friend was driving him and, once at the back of the car wash, fled on foot for some unknown reason. But neither Kenneth nor Brenda ever saw anyone leaving the car wash once the truck parked there.

Deferring to the trial court's assessment of witness credibility, the testimony of the officers, Kenneth, and Brenda sufficed to support an inference that Squires drove the vehicle that collided with Kenneth and Brenda. Importantly, the trial court, hearing the testimony firsthand, did not believe Squires's version of events. The trial court expressly found that Squires "lied through his teeth" to police and at trial. "I find his version of what happened to be so utterly ridiculous. To say that it doesn't pass the giggle test is really to understate the ridiculousness of his defense." Once the court rejected Squires's version of events, his own admissions that he was intoxicated and had a suspended license, along with the evidence of him standing alone shortly after—and next to the truck involved in—the collision at issue, sufficed to prove beyond a reasonable doubt that Squires operated a motor vehicle while intoxicated, drove with an invalid license, and failed to stop after a collision.

Squires also argues that it would be a miscarriage of justice to uphold his convictions because they were based on the erroneous finding that the truck involved in the collision belonged to him. The trial court, however, merely acknowledged the *possibility* that the car was Squires's. At Squires's bench trial, the court stated, "The question I have to decide is whether or not it was [Squires] who was operating his own truck or his girlfriend's truck at the time of the accident." The essential question here was whether Squires operated the truck at, not who owned it. Indeed, none of Squires's convictions turned on who owned the truck. Further, even if relevant, the court's reference to the truck being Squire's or his girlfriend's was made to accommodate conflicting testimony on this issue, and not a finding contrary to the evidence. Notably, Squires initially described the truck as "my vehicle" at trial. He allegedly misspoke, testifying that the truck "is owned by my girlfriend, [and was] driven by somebody else other than me." And Officer Svabik testified that Squires said at the scene that the truck was his. For these reasons, the evidence does not preponderate so heavily against the trial court's verdict that it would be a miscarriage of justice to allow it to stand.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Kristina Robinson Garrett
/s/ Allie Greenleaf Maldonado

-4-