*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DAJUAN DION-DIEGO DAVENPORT,

Defendant-Appellant.

UNPUBLISHED
August 25, 2025
9:25 AM

No. 366971
Macomb Circuit Court
LC No. 2021-001395-FC

## ON REMAND

Before: CAMERON, P.J., and K. F. KELLY and GARRETT, JJ.

PER CURIAM.

This case returns to us from our Supreme Court for further consideration of arguments raised in defendant's Standard 4 brief. For the reasons discussed below, we affirm defendant's convictions, but remand to the trial court for resentencing of defendant's life-without-the-possibility-of-parole (LWOP) sentence in light of our Supreme Court's decision in *People v Taylor*, ___ Mich ___; ___ NW3d ___ (2025) (Docket Nos. 166428 and 166654).

## I. BACKGROUND

The facts underlying this case are set forth in this Court's prior opinion:

This matter involves the murder of Dazhane Holloway and Dionna Davis at the Wellington Crescent apartment complex in Clinton Township, Michigan. On the evening of January 22, 2021, witnesses heard multiple gun shots coming from the apartment complex's parking lot. Holloway and Davis lay dead. Defendant and his codefendant, Darrel Banks, ran into a stolen Dodge Charger and sped away, leading officers on a high-speed chase on the freeway. The Charger eventually crashed into a utility pole. Defendant and Banks were arrested and taken to the hospital for treatment. Police collected and photographed their belongings. Defendant was charged, tried, convicted, and sentenced. [*People v Davenport*, unpublished opinion of the Court of Appeals, issued October 9, 2024 (Docket No. 366971) (*Davenport I*).]

-1-

Following this Court's affirmance, defendant sought leave to our Supreme Court, which remanded the case to this Court "for consideration of the claims raised in the defendant's Standard 4 brief." *People v Davenport*, ___ Mich ___ (2025) (Docket No. 167829) (*Davenport II*).

## II. CONFRONTATION CLAUSE

Defendant first argues that his right to confront witnesses against him was violated when the trial court admitted a photograph of his personal belongings, including a key to the Charger, because the officer who actually took the photograph did not testify. We disagree.

"To preserve an evidentiary issue for review, a party opposing the admission of evidence must object at trial and specify the same ground for objection that it asserts on appeal." *People v Aldrich*, 246 Mich App 101, 116; 631 NW2d 67 (2001). Defendant's argument relies on the trial court's admission of the specific photograph of his personal belongings, but defense counsel stipulated to the admission of the photograph during trial. "A stipulation constitutes a waiver of any alleged error[.]" *People v Eisen*, 296 Mich App 326, 328; 820 NW2d 229 (2012). A waiver is an "intentional relinquishment or abandonment of a known right[,]" and "[o]ne who waives his rights . . . may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (quotation marks and citations omitted). Defendant has therefore waived any challenges to the admission of the photograph in question.[1]

## III. JUDICIAL BIAS

Defendant next argues that the trial court demonstrated bias by "assum[ing] the role of the prosecuting attorney[.]" We disagree.

Defendant did not raise a claim of judicial bias in the trial court. Therefore, this issue is unpreserved, and our review is for plain error affecting substantial rights. *People v Jackson*, 292 Mich App 583, 597; 808 NW2d 541 (2011).

"A criminal defendant is entitled to a neutral and detached magistrate." *Id*. (quotation marks and citation omitted). "A defendant claiming judicial bias must overcome a heavy presumption of judicial impartiality." *Id*. at 598 (quotation marks and citation omitted). The test to determine whether a trial court judge "pierced the veil of judicial impartiality is whether [their]

---

[1] We note that defendant's argument lacks merit even if we were to review the issue as unpreserved. Our review for unpreserved errors is for plain error affecting substantial rights. *People v Chelmicki*, 305 Mich App 58, 62; 850 NW2d 612 (2014). Under this standard, an error is reversible only if it affected defendant's substantial rights, which concerns whether the error prejudiced defendant by affecting the outcome of the proceedings. *People v Anderson*, 341 Mich App 272, 279-280; 989 NW2d 832 (2022). On appeal, defendant argues the challenged photograph improperly linked him to the Charger. Yet he also concedes that "there is no dispute that [he] was in the Charger when it crashed and he was arrested." The photograph with the key, therefore, was not outcome-determinative, meaning defendant has failed to demonstrate plain error affecting his substantial rights. *Id*.

conduct or comments were of such a nature as to unduly influence the jury and thereby deprive the appellant of his right to a fair and impartial trial." *Id.* (quotation marks and citations omitted). "Judicial rulings, as well as a judge's opinions formed during the trial process, are not themselves valid grounds for alleging bias unless there is a deep-seated favoritism or antagonism such that the exercise of fair judgment is impossible." *Id.* (quotation marks and citation omitted).

Defendant identifies two instances in which he claims the trial court exhibited partiality: (1) when "she allowed a blanket admission of photographic evidence without having the prosecutor lay a proper foundation[,]" and (2) when it relied on unpublished cases and its own research to admit the photograph of defendant holding a gun on Davis's phone.

We conclude that neither of these instances demonstrate bias. First, as noted earlier, the trial court's "blanket admission" of the photographs was by stipulation of the parties and did not demonstrate any form of "deep seated favoritism or antagonism such that the exercise of fair judgment is impossible." *Id.* Second, as we explained in defendant's prior appeal, the trial court's admission of the photograph of defendant holding a gun was proper. See *Davenport I*, unpub op at 7-10. The trial court's rationale for admitting the photograph does not indicate bias or partiality. Defendant contends that the trial court acted as the prosecutor by engaging in its own research before ruling on the issue, but its reasoning on the record concerned its thoughts and opinions on the evidence presented to it, and does not reflect any impermissible external fact-finding. The trial court's research was limited to the legal issue before it. We are similarly unpersuaded by defendant's insinuation that the trial court conducted personal research on Facebook for defendant with a gun. The trial court's references to Facebook relate to its *legal research* concerning cases similar to defendant's, not its own personal investigation of the crime.

IV. LWOP SENTENCE

Finally, defendant challenges his LWOP sentence.[2] Defendant's Standard 4 brief was submitted before our Supreme Court's decision in *Taylor*, ___ Mich at ___, and relies on scientific studies of brain development in young adults to argue for the extension of the holding in *People v Parks*, 510 Mich 225, 244; 987 NW2d 161 (2022), to his case as a 20-year-old. We need not address defendant's argument in this respect, because *Taylor* expressly extended *Parks* to 19- and 20-year-olds. *Taylor*, ___ Mich at ___; slip op at 13.

---

[2] Defendant also challenges the prosecutor's use of the term "hit" in his opening statement, but this issue was raised in his appellate brief and addressed by this Court in its prior opinion. Because this issue has been addressed, we decline to do so again now.

There is no dispute that defendant's mandatory LWOP sentence is invalid under *Taylor*. In recognition of this fact, the prosecutor has moved this Court to remand the case to the trial court so that it may seek to re-impose defendant's LWOP sentence under MCL 769.25(3). Accordingly, we affirm defendant's convictions, but remand this case to the trial court for further proceedings in light of *Taylor* and MCL 769.25. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Kirsten Frank Kelly
/s/ Kristina Robinson Garrett