*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KIRK ANDREW POOLE,

Defendant-Appellant.

UNPUBLISHED
June 17, 2026
9:14 AM

No. 374059
Shiawassee Circuit Court
LC No. 2024-008587-FC

Before: CAMERON, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of one count of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) (sexual penetration of a victim less than 13 years of age), and one count of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(b)(*i*) (sexual contact with a victim between the ages of 13 and 16 within the same household). We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

This case arises from defendant's convictions for two acts of sexual abuse committed toward his stepdaughter. At trial, defendant's stepdaughter testified that, when she was 12 years old, defendant drunkenly stumbled into her bed and digitally penetrated her. She recounted that defendant digitally penetrated her again when she was 13 years old under similar circumstances. Defendant's biological daughter also testified to experiencing similar sexual contact defendant.

Both defendant and the prosecution called expert witnesses to testify about memory. The experts agreed that the heightened stress of traumatic events could affect the encoding of memories, but differed in opinion regarding whether heightened emotional states for victims of sexual assault made the victim's recollection of the assaults more or less accurate. The jury ultimately found defendant guilty as noted above. The trial court sentenced defendant to 300 to 900 months' imprisonment for the CSC-I conviction, and 36 to 270 months' imprisonment for the CSC-II conviction. This appeal followed.

## II. STANDARD OF REVIEW

"We review de novo a challenge to the sufficiency of the evidence." *People v Baskerville*, 333 Mich App 276, 282; 963 NW2d 620 (2020).  We review evidence "in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *Id*. (quotation marks and citation omitted).  "The standard of review is deferential; a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Bailey*, 310 Mich App 703, 713; 873 NW2d 855 (2015) (quotation marks and citation omitted).

## III. ANALYSIS

Defendant argues that there was insufficient evidence to support his conviction because his stepdaughter's and daughter's unreliable memories undermined their credibility and they had incentives to testify falsely against him.[1]  We disagree.

Defendant was found guilty of one count of CSC-I, MCL 750.520b(1)(a), which provides:

> (1) A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if any of the following circumstances exists:
>
> (a) That other person is under 13 years of age.

Defendant was also found guilty of one count of CSC-II, MCL 750.520c(1)(b)(i), which provides:

> (1) A person is guilty of criminal sexual conduct in the second degree if the person engages in sexual contact with another person and if any of the following circumstances exists:
>
> * * *
>
> (b) That other person is at least 13 but less than 16 years of age and any of the following:
>
> (*i*) The actor is a member of the same household as the victim.

---

[1] Although defendant frames the issue on appeal as one pertaining to evidentiary sufficiency, his argument is entirely targeted at his stepdaughter's and daughter's credibility and the veracity—not content—of their testimonies.  In this respect, defendant's argument on appeal resembles a challenge to his conviction as being against the great weight of the evidence.  We, however, elect to decide defendant's appeal under the standards applicable to a claim of insufficient evidence.

Defendant does not dispute that his stepdaughter was a member of his household. Thus, the only remaining issue is whether there was sufficient evidence that defendant committed the prohibited sexual acts.

On appeal, defendant challenges his convictions on the basis of the reliability of his stepdaughter's and daughter's testimonies. Specifically, he claims that their memories were unreliable, and that they had reasons to fabricate the allegations against him. Defendant also asserts that his stepdaughter's and daughter's statements were undermined by his expert witness testimony regarding inaccurate memories of sexual assault victims. But these arguments seek to undermine the credibility of the witnesses and do not address whether the witness testimony provided a sufficient evidentiary basis upon which the jury could find defendant guilty.

We further conclude that both convictions are supported by sufficient evidence. "[I]t has long been settled that a complainant's testimony regarding a defendant's commission of sexual acts is sufficient evidence to support a conviction of CSC-I[.]" *Bailey*, 310 Mich App at 714. A victim's testimony regarding their age during the criminal sexual acts is also sufficient evidence to support the age element of a CSC conviction. See *People v Eisen*, 296 Mich App 326, 332; 820 NW2d 229 (2012). Defendant's stepdaughter testified that defendant digitally penetrated her sometime after her 12th birthday but before she turned 13 years old. She also testified that defendant digitally penetrated her again after she turned 13 years old. Taken together, this testimony provided sufficient evidence from which the jury could conclude that defendant's conduct satisfied the elements of MCL 750.520b(1)(a) and MCL 750.520c(1)(b)(*i*).

With respect to the jury's credibility and weight determinations:

Juries, not appellate courts, see and hear witnesses and are in a much better position to decide the weight and credibility to be given to their testimony. Where sufficient evidence exists, which may be believed by the jury, to sustain a verdict of guilty beyond a reasonable doubt, the decision of the jury should not be disturbed by an appellate court. [*People v Bailey*, 310 Mich App 703, 714; 873 NW2d 855 (2015) (quotation marks and citation omitted).]

The jury heard defendant's stepdaughter and daughter testify and also personally evaluated the effectiveness of their cross-examination. Indeed, defense counsel specifically challenged their credibility during closing argument, highlighting the very same inconsistencies about which defendant now complains. "It is the jury's task to weigh the evidence and decide which testimony to believe." *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008) (quotation marks and citation omitted). In so doing, the jury "is free to believe or disbelieve, in whole or in part, any of the evidence presented at trial." *Id*. at 228 (quotation marks and citation omitted). This includes testimony from expert witnesses. *People v Evans*, 335 Mich App 76, 86; 966 NW2d 402 (2020).

The jury, when presented with all the evidence in this case, found defendant guilty on both counts. Defendant provides no explanation for how his convictions were otherwise based on insufficient evidence. "[W]e will not interfere with the jury's determinations regarding the weight of the evidence and the credibility of the witnesses[,]" *Unger*, 278 Mich App at 222, nor will we

"interfere with the jury's role as sole judge of the facts[,]" *Bailey*, 310 Mich App at 714 (quotation marks and citation omitted).

Affirmed.

/s/ Thomas C. Cameron
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle