*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DOUGLAS HENRY THOMS,

Defendant-Appellant.

UNPUBLISHED
December 22, 2025
9:44 AM

No. 373296
Lenawee Circuit Court
LC No. 2023-021221-FC

Before: GADOLA, C.J., and CAMERON and RICK, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial convictions of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) (victim under 13 years of age), second-degree child abuse, MCL 750.136b(3), and two counts of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a) (victim under 13 years of age).[1] Defendant was sentenced to 25 to 50 years' imprisonment for the CSC-I conviction, 71 to 180 months' imprisonment for each CSC-II conviction, and 71 to 120 months' imprisonment for the second-degree child abuse conviction. We affirm.

## I. FACTUAL BACKGROUND

This case arises from defendant's convictions of alleged sexual and physical abuse against his stepdaughter, GT, who was born in March 2001. She lived with defendant and her mother in Adrian, Michigan, starting when she was three or four years old. According to GT, defendant punished her by making her "hold boots out to either side of [her] body for an extended period of time." She also claimed defendant grabbed her hair and shook her until her nose bled. GT alleged the first sexual assault in this matter occurred when she was five years old.

When GT was 9 or 10 years old, the family moved to a new house, which was infested with fleas and bed bugs. Defendant performed "flea checks[]" by telling GT to take off her clothes.

---

[1] Defendant was acquitted of indecent exposure, MCL 750.335a(2)(a).

She stated defendant "would look at my body and he would run his fingers along my body, like on my breast area, on my thighs, and my butt." She approximated that these flea checks happened about 50 times over several years. Two years later, when GT was 12 years old, she alleged that defendant exposed his penis to her and assaulted her with a vibrator. GT also stated that defendant and GT's mother hosted religious "rituals[]" involving the Wicca religion. According to GT, defendant had a machete on an "altar[]" in the living room, and he "would be possessed and take the machete, walk around with it." At one of defendant's gatherings, which also occurred when GT was 12 years old, he grabbed her shirt and held the machete up to her neck.

Defendant was charged with CSC-I, CSC-II, second-degree child abuse, and indecent exposure, under MCL 750.335a(2)(a). The district court added a second count of CSC-II at the preliminary examination, based on GT's testimony about the flea checks. The jury convicted defendant of CSC-I, both counts of CSC-II, and second-degree child abuse. It acquitted him of indecent exposure. The trial court sentenced defendant as earlier described. This appeal followed.

## II. ANALYSIS

### A. OTHER ACTS EVIDENCE

Defendant argues he was denied a fair trial when the trial court admitted unfairly prejudicial other acts evidence about the flea checks. We disagree.

Generally, this Court reviews a trial court's decision to admit evidence for an abuse of discretion. *People v Bass*, 317 Mich App 241, 255; 893 NW2d 140 (2016) (quotation marks and citation omitted). "An abuse of discretion occurs when the [trial] court chooses an outcome that falls outside the range of reasonable and principled outcomes." *Id*. at 256 (quotation marks and citation omitted). Further, this Court reviews "any preliminary legal questions regarding admissibility" de novo. *Id*. at 255 (citation omitted). A trial court's error in admitting evidence is not a ground for reversal "unless, after an examination of the entire cause, it affirmatively appears that it is more probable than not that the error was outcome determinative." *People v Solloway*, 316 Mich App 174, 192; 891 NW2d 255 (2016) (quotation marks and citation omitted).

Defendant contends that evidence of the flea checks was inadmissible because it was offered only to show his bad character and propensity to commit sexual assault. The prosecution introduced the flea check evidence under MCL 768.27a.[2] Under the statute, "in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant." MCL 768.27a(1). Such evidence may be considered for its relevance to any matter, including the defendant's character or propensity to commit the charged offense. *People v Hoskins*, 342 Mich App 194, 201-202; 993 NW2d 48 (2022). The flea check evidence was offered as evidence of other acts of CSC-II against GT, which is a listed offense under MCL 768.27a. See MCL 768.27a(2)(a). Thus, the evidence was

---

[2] Given that the prosecution only sought to admit the evidence under MRE 768.27a, we decline to address the portion of defendant's argument that makes reference to MRE 404(b).

admissible under MCL 768.27a to show defendant's character or propensity to commit the charged crimes.

Even so, defendant asserts that the evidence should have been excluded under MRE 403. See *People v Beck*, 510 Mich 1, 20; 987 NW2d 1 (2022) ("[E]ven if the evidence is admissible under MCL 768.27a, it must still comply with MRE 403."). Under MRE 403, relevant evidence may nevertheless "be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "Unfair prejudice occurs when there exists a danger that marginally probative evidence will be given undue or preemptive weight." *Beck*, 510 Mich at 20 (quotation marks and citations omitted). Our Supreme Court has identified a nonexhaustive list of factors that courts must consider when determining whether to exclude other-acts evidence as unfairly prejudicial, including:

> (1) [T]he dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*People v Watkins*, 491 Mich 450, 487-488; 818 NW2d 296 (2012) (footnote omitted).]

"[C]ourts must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect." *Id*. at 487.

Defendant has not identified any considerations that would warrant excluding the flea check evidence as unfairly prejudicial. He asserts that the number of alleged flea checks, exceeding 50 over several years, prejudiced him and confused the issues in this matter. Defendant makes no effort to substantiate his argument that the evidence confused the issues, other than to state that the evidence was distracting to the jury. However, defendant proffers no evidence that the jury was unduly preoccupied with or distracted by the other-acts evidence. Regarding unfair prejudice, defendant simply contends that the sheer frequency of the alleged incidents should weigh against their admission, in an apparent inversion of the *Watkins* factor pertaining to the frequency of other acts. Critically, courts take into consideration "the *infrequency* of the other acts," not their frequency, when deciding whether to exclude other-acts evidence as unfairly prejudicial. *Id*. at 487 (emphasis added). Thus, the alleged frequency of the acts supported the admission of the evidence, not its exclusion. On this record, the trial court did not abuse its discretion by admitting the other-acts evidence. Defendant is not entitled to relief on this basis.

## B. VERDICT FORM

Defendant next argues that the verdict form improperly allowed the jury to convict defendant of CSC-I without making specific findings regarding defendant's and the complainant's ages. He also argues defense counsel was ineffective for not objecting to the verdict form. We disagree.

This Court analyzes the verdict form as a part of the jury instructions. *People v Eisen*, 296 Mich App 326, 330; 820 NW2d 229 (2012) (citation omitted). "A party must object or request a

given jury instruction to preserve the error for review." *People v Sabin (On Second Remand)*, 242 Mich App 656, 657; 620 NW2d 19 (2000) (citations omitted). Defendant has waived this issue on appeal. Waiver is "the intentional relinquishment or abandonment of a known right." *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (quotation marks and citations omitted). "One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *Id*. (citation omitted). Unlike forfeiture, where a defendant fails to timely assert a right, *id*., "[a] defendant waives an issue by expressly approving of the trial court's action. When the trial court asks whether a party has any objections to the jury instructions and the party responds negatively, it is an affirmative approval of the trial court's instructions." *People v Kowalski*, 489 Mich 488, 505; 803 NW2d 200 (2011). Here, defense counsel did not object to the jury instructions or the verdict form. Instead, defense counsel stated that the verdict form was "totally fine[]" and thereafter agreed that he had no objection to the form. The matter is therefore waived, and we decline to further address it. See *id*. (stating that this Court will not review a claim of instructional error if defense counsel expressly and unequivocally approved the instruction).

Defendant additionally argues that defense counsel was ineffective for failing to object to the verdict form. Defendant did not move for a new trial or a *Ginther*[3] hearing below, nor did he move to remand in this Court; thus, the issue is unpreserved. *People v Foster*, 319 Mich App 365, 390; 901 NW2d 127 (2017); *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020). Review of this matter is limited to errors apparent on the record. *Foster*, 319 Mich App at 390.

The Sixth Amendment protects a defendant's right to effective assistance of counsel. US Const, Am VI; *Strickland v Washington*, 466 US 668, 685-686; 104 S Ct 2052; 80 L Ed 2d 674 (1984). To establish a claim of ineffective assistance of counsel, a defendant must show "that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). Counsel is presumed to be effective and defendant bears the burden of proving otherwise. *People v Isrow*, 339 Mich App 522, 531; 984 NW2d 528 (2021). Defendant likewise bears the burden to establish the factual predicate for his claim. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

This Court considers challenges to jury instructions "in their entirety to determine whether the trial court committed error requiring reversal." *Eisen*, 296 Mich App at 330 (quotation marks and citation omitted). This Court will not reverse if the instructions "fairly presented the issues to be tried and sufficiently protected the defendant's rights." *Id*. (quotation marks and citation omitted). The elements of CSC-I are: "(1) the defendant engaged in sexual penetration, (2) with a person under 13 years of age." *Duenaz*, 306 Mich App at 106. Since defendant was over the age of 17 when he allegedly committed CSC-I, MCL 750.520b(2)(b) requires a 25-year minimum sentence. The verdict form did not explicitly require the jury to find that defendant was 17 years of age or older or that GT was under 13 years of age. However, the trial court instructed the jury it had to find both elements beyond a reasonable doubt to convict defendant of CSC-I. The verdict

---

[3] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

-4-

form also included the statutory age requirements in the header for the CSC-I count, reinforcing defendant's and GT's ages were necessary elements for a conviction. Consequently, the instructions fairly presented the necessary elements of CSC-I. Any objection to the verdict form would have been meritless. Counsel is not deficient for failing to make a meritless objection. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). Defendant thus cannot establish the factual predicate for his claim. *Hoag*, 460 Mich at 6. Given that counsel's performance was not constitutionally deficient, defendant likewise cannot establish that he was prejudiced by counsel's conduct. *Trakhtenberg*, 493 Mich at 51.

Affirmed.

/s/ Michael F. Gadola
/s/ Thomas C. Cameron
/s/ Michelle M. Rick