*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BRENDA SUE UUTINEN,

        Defendant-Appellant.

UNPUBLISHED
February 06, 2026
10:51 AM

No. 366972
Wayne Circuit Court
LC No. 22-004417-01-FH

Before: BORRELLO, P.J., and MARIANI and TREBILCOCK, JJ.

PER CURIAM.

Defendant appeals by right her convictions of identity theft, MCL 445.65, and two counts of illegal sale or use of a financial transaction device, MCL 750.157q. We affirm.

## I. BACKGROUND

Defendant's convictions arose from allegations that she used the personal identifying information of her half-sister, the victim, to fraudulently obtain a credit card. The victim started receiving calls from a collection agency about missed payments to Capital One, a credit card company. The victim testified that she had never opened an account with Capital One, but she learned that a credit card had been opened in July 2019 using her social security number. The victim also testified that she never authorized anyone to open the Capital One account using her personal identifying information. The victim reported to the police that she suspected it was defendant who had opened the Capital One card.

At trial, a detective with the Garden City Police Department testified that the subscriber information statement for the Capital One card listed the victim's name, date of birth, and social security number, but listed defendant's contact information—including her physical address, email address, and phone number. Defendant was found guilty as described above.

Defendant then moved for a new trial or, in the alternative, an evidentiary hearing under *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973), on whether she was denied the effective assistance of trial counsel. Defendant argued that she had received ineffective assistance because her attorney refused to investigate or use the following information at trial: (1) that the victim had

-1-

added defendant's name as a beneficiary to a Vibe Credit Union account that was held in the victim's name, and (2) that the victim had executed a quitclaim deed adding defendant's name to the victim's house. The trial court denied defendant's motion for a new trial or evidentiary hearing. Defendant now appeals.

## II. DISCUSSION

Defendant argues that the trial court abused its discretion by denying her motion for a *Ginther* hearing on her claim of ineffective assistance of counsel. According to plaintiff, the facts set forth in her motion required the development of a record, and the court erred by failing to recognize as much and hold an evidentiary hearing as she requested. We disagree.

A criminal defendant has a right to the effective assistance of counsel. *People v Isrow*, 339 Mich App 522, 531; 984 NW2d 528 (2021), citing US Const, Am VI, and Const 1963, art 1, § 17. "To establish ineffective assistance of counsel, a defendant must show (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." *People v Shaw*, 315 Mich App 668, 672; 892 NW2d 15 (2016), citing *Strickland v Washington*, 466 US 668, 687-688, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 US at 694. "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Eisen*, 296 Mich App 326, 329; 820 NW2d 229 (2012) (quotation marks and citation omitted).

Whether defense counsel performed ineffectively is a mixed question of fact and law; we review for clear error the trial court's findings of fact and review de novo questions of law. See *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011). "When the reviewing court is left with a definite and firm conviction that the trial court made a mistake, there is clear error." *Isrow*, 339 Mich App at 531 (citation and quotation marks omitted). If a defendant "set[s] forth . . . facts that would require development of a record to determine if defense counsel was ineffective," *People v Williams*, 275 Mich App 194, 200; 737 NW2d 797 (2007), a trial court should grant a defendant's request for an evidentiary hearing. See *Ginther*, 390 Mich at 443-444. A defendant, however, is not entitled to a *Ginther* hearing if he or she fails to "demonstrate[] any issue for which further factual development would advance his [or her] claim." *Chapo*, 283 Mich App at 368-369. A trial court's decision on whether to hold a *Ginther* hearing is reviewed for an abuse of discretion. See *People v Unger*, 278 Mich App 210, 216-217; 749 NW2d 272 (2008). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *Id*. at 217.

In this case, defendant was accused of using the victim's personal identifying information, without the victim's knowledge or consent, to open and use a Capital One credit card. Defendant claims that her trial counsel was ineffective because counsel declined to introduce potentially exculpatory evidence of the victim's prior charitable dealings with defendant—namely, that the victim had added defendant's name as a beneficiary to a Vibe Credit Union account held in the victim's name, and that the victim had executed a quitclaim deed adding defendant's name to the victim's house. According to defendant, this evidence would have supported her defense of consent. The evidence, however, does not particularly rebut the victim's testimony regarding the

specific conduct at issue in this case—i.e., that she never gave defendant authorization to open or use the Capital One credit card. Moreover, evidence that defendant was added as a beneficiary to the credit union account does not establish that defendant was given access to any money in that account. Nor does the fact that defendant was added to a quitclaim deed; defendant could not use that property as collateral or sell the property without the victim's consent. At best, defendant's proffered evidence suggests that the victim at one point intended to make defendant a beneficiary for some of her assets. Meanwhile, there was already evidence presented at trial of prior favorable dealings between the victim and defendant; although the victim testified that her relationship with defendant "wasn't real good," she also acknowledged that she had loaned defendant money several times in the past.

Furthermore, during the hearing on defendant's motion, the prosecution highlighted the risk defense counsel would have taken by introducing this additional evidence. Although defendant was named as a beneficiary for the credit union account, it is undisputed that she was removed as a beneficiary within months of being added. As for the quitclaim deed, the record indicates that, according to the victim, defendant's name was added to the deed only because defendant called the title company pretending to be the victim, and the victim was "tricked" into signing the papers by defendant. Defendant does not address this aspect of her proffered evidence, let alone explain how it does not belie her claim of ineffective assistance.

Defendant has thus failed to show that her trial counsel's handling of the evidence in question fell "below an objective standard of reasonableness under prevailing professional norms." *Shaw*, 315 Mich App at 672. Although "counsel is responsible for preparing, investigating, and presenting all substantial defenses," *Chapo*, 283 Mich App at 371, failing to advance a meritless argument does not constitute ineffective assistance of counsel, see *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). Here, as the trial court duly recognized, the allegedly exculpatory evidence may very well have done more harm than good, and "[t]his Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight." *People v Petri*, 279 Mich App 407, 411; 760 NW2d 882 (2008) (quotation marks and citation omitted). Furthermore, given the—at best—very limited potential exculpatory value of the evidence at issue, defendant has not demonstrated that, had counsel presented the evidence at trial, it is reasonably probable that a different outcome would have occurred. *Shaw*, 315 Mich App at 672.

Accordingly, defendant's proffered evidence does not reveal a colorable claim of ineffective assistance of counsel. Nor has defendant shown how, given the record that is already available, further factual development at a hearing would meaningfully advance that evidence and claim. See *Chapo*, 283 Mich App at 368-369. We thus see no abuse of discretion in the trial court's decision to deny defendant's motion for an evidentiary hearing. *Unger*, 278 Mich App at 216-217.[1]

---

[1] In light of this conclusion, we need not reach defendant's request that the case be assigned to a different judge upon remand.

Affirmed.

/s/ Stephen L. Borrello
/s/ Philip P. Mariani
/s/ Christopher M. Trebilcock